## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

NEW MEXICO TRAPPERS
ASSOCIATION, NATIONAL
TRAPPERS ASSOCIATION, AND
FUR TAKERS OF AMERICA, INC.,

                     PLAINTIFFS,                  Case No: _____

VS.

RAÚL TORREZ, IN HIS OFFICIAL
CAPACITY AS ATTORNEY
GENERAL OF NEW MEXICO,
TIRZIO LOPEZ, IN HIS OFFICIAL
CAPACITY AS VICE-CHAIR OF THE
NEW MEXICO STATE GAME
COMMISSION, AND MICHAEL
SLOANE, IN HIS OFFICIAL
CAPACITY AS DIRECTOR OF THE
NEW MEXICO DEPARTMENT OF
GAME AND FISH,

                     DEFENDANTS.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

**COMES NOW** the Plaintiffs by and through their undersigned attorneys and for their claim states:

1.      On January 19, 2021, Senate Bill 32, termed the Wildlife Conservation & Public Safety Act (hereinafter the "Act") was introduced in the 2021 Regular Session of the New Mexico Legislature. The Act was sponsored by Senator Roberto Gonzalez, Senator Brenda McKenna, Representative Chris Chandler, and Representative Matthew McQueen. The text of the Act generally prohibits trapping, snaring, and using wildlife poison for purposes of capturing, injuring, or killing an animal on public land, subject to several important exceptions.

2.      The Act was approved by the New Mexico Senate on March 9, 2021, with a 23-16 vote in favor of the Act.

3.      The Act was approved by the New Mexico House of Representatives on March 18, 2021, with a 35-34 vote in favor of the Act.

4.      The Act was signed into law on April 5, 2021, by Governor Michelle Lujan Grisham. The Act went into effect on April 1, 2022. The Act is currently codified as N.M.S.A. § 17-11-1, *et seq.*

5.      Under the Act, Section 17-11-3 provides "[i]t is a violation of the Wildlife Conservation and Public Safety Act to use a trap, snare, or wildlife poison for purposes of capturing, injuring, or killing an animal on public land except as provided in Section 17-11-4…"

6.      Section 17-11-2 of the Act states that "Public Land" means "state-owned land, state-leased land, lands held in trust by the state, lands administered by the United States fish and wildlife service, the United States forest service, the federal bureau of land management, the national park service, the United States department of defense, state parks and any county or municipality, but does not include the interior of physical structures or land belonging to or held in trust for an Indian nation, tribe or pueblo."

7.      Section 17-11-4 specifies the exceptions to the Act. Under N.M.S.A. § 17-11-4(H), the Act does not apply to "enrolled members of a federally recognized Indian nation, tribe or pueblo when trapping is conducted solely for religious or ceremonial purposes pursuant to the rules issued by the department of game and fish in collaboration with the secretary of Indian affairs and consistent with federal procedures for recognition and protection of bona fide Indian nation, tribe or pueblo religious ceremonies."

8.      As such, the Act denies similarly situated individuals the Equal Protection of law without sufficient justification, in violation of N.M. Const. Art. II, § 18 and U.S. Const. Amend. XIV.

9.      The Act aids and creates unlawful preferences for Native American religions, Native American modes of worship, and religious activities over secular activities in violation of N.M. Const. Art. II, § 11 and U.S. Const. Amend. I.

10.     The Act deprives New Mexico residents and people within the state of rights, privileges and/or immunities secured pursuant to the bill of rights of the constitution of New Mexico, in violation of the *New Mexico Civil Rights Act*, N.M.S.A. §§ 41-4A-1 *et seq.*

11.     Accordingly, this civil action seeks declaratory and injunctive relief prohibiting further enforcement of the Act, as the Act violates the Equal Protection Clauses of the New Mexico and United States Constitutions (N.M. Const. Art. II, § 18; U.S. Const. Amend. XIV), the Establishment Clauses of the New Mexico and United States Constitutions (N.M. Const. Art. II, § 11; U.S. Const. Amend. I) and the *New Mexico Civil Rights Act* (N.M.S.A. §§ 41-4A-1 *et seq.*).

## **PLAINTIFFS**

### **New Mexico Trappers Association**

12.     Plaintiff New Mexico Trappers Association ("NMTA") is a 501(c)(3) nonprofit organization, organized under the laws of New Mexico, current on its taxes and entitled to maintain this action. The NMTA currently has 140 members and was created for the purposes of responsible furbearer conservation, promoting the advancement of the best interest of trappers, educating the public on proper trapping methods and the necessity of trapping, as well as to

oppose legislation that imposes unreasonable restrictions on trapping in the state of New Mexico. Many members of the NMTA trapped on public land in New Mexico for various purposes— including financial and recreational—prior to the effective date of the Act and can no longer do so.

**National Trappers Association**

13.     Plaintiff National Trappers Association ("NTA") is an Iowa-based national not-for-profit organization dedicated to protecting the rights of individuals to trap fur-bearing animals in a lawful and ethically responsible manner. It is the goal and purpose of the NTA to assist trappers at both the local and national level to continue the heritage of trapping in a manner that contributes to abundant wildlife and sound management programs. The NTA regularly provides educational programs and resources to its members and promotes research and policy initiatives that support conservation and sustainability for fur-bearing populations across the United States. The NTA currently has approximately 8,988 total members, with 50 of those members residing in New Mexico. Many of these members trapped on public land in New Mexico for various purposes—including financial and recreational—prior to the effective date of the Act and can no longer do so.

**Fur Takers of America**

14.     Plaintiff Fur Takers of America, Inc. ("FTA") is an Indiana-based national not-for-profit organization dedicated to protecting the rights of individuals to trap fur-bearing animals in a lawful and ethical manner. The organization was founded in 1968 and presently has 2,795 members, of which 18 reside and trap in New Mexico. Through its Trapper's College and Fur Management Course, the FTA offers its members extensive information and education

regarding trapping as a tool in managing the wildlife population, gathering biological data of furbearers, animal damage control, and wildlife research. FTA members trapped on public land in New Mexico for various purposes—including financial and recreational—prior to the effective date of the Act and can no longer do so.

## **DEFENDANTS**

15.     Defendant, Raúl Torrez, is named in his official capacity as Attorney General of New Mexico. Raúl Torrez is named in his official capacity. As Attorney General Mr. Torrez is a properly named state official with responsibility for actions and/or omissions challenged in this complaint.

16.     Defendant, Tirzio Lopez, is the Vice-Chair for the New Mexico State Game Commission. The most recent Chair of the New Mexico State Game Commission, Deanna Archuleta, resigned as Chair of the Commission in February, 2023, and a new Chair has not yet been appointed as of the date of this Complaint. Tirzio Lopez is named in his official capacity. Tirzio Lopez is responsible for the actions of the New Mexico State Game Commission which includes promulgating rules to further the Act and setting the direction of the New Mexico Department of Game and Fish. *See* N.M.S.A. Chapter 17.

17.     Defendant, Michael Sloane, is the Director of the New Mexico Department of Game and Fish. Michael Sloane is named in his official capacity. Michael Sloane is responsible for the actions of the New Mexico Department of Game and Fish which includes administering, implementing, and enforcing the Act. *See* N.M.S.A. Section 17-1-5.

## JURISDICTION AND VENUE

18.     This Court has jurisdiction over the federal constitutional claims asserted by

Plaintiffs, as alleged below, pursuant to the provisions of 28 U.S.C.A. Section 1331 and *Ex Parte*

*Young*, 209 U.S. 123 (1908).

19.     This Court has supplemental jurisdiction over the state constitutional and statutory

claims asserted by Plaintiffs, as alleged below, pursuant to the provisions of 28 U.S.C.A. Section

1367, such that they form part of the same case or controversy.

20.     Venue is proper in this Court pursuant to the provisions of 28 U.S.C.A. Section

1391(b).

## COUNT I—VIOLATION OF THE EQUAL PROTECTION CLAUSE
(United States Constitution)

21.     Plaintiffs reallege and incorporate by reference each and every allegation

contained in the preceding paragraphs as though fully set forth herein.

22.     The Fourteenth Amendment of the United States Constitution provides in relevant

part that no state shall "deny to any person within its jurisdiction the equal protection of the

laws."

23.     The Act contains an exception for trapping on public land which allows "enrolled

members of a federally recognized Indian nation, tribe, or pueblo" to trap solely for religious or

ceremonial purposes.

24.     The Act denies equal protection of the law as it permits enrolled members of

federally recognized Indian nations, tribes, or pueblos to trap on public land for specific purposes

while denying similarly situated individuals that same right.

25.     Further, the Act denies equal protection of the law as it permits enrolled members of federally recognized Indian nations, tribes, or pueblos to trap on public land while denying similarly situated individuals that same right.

26.     The Act prohibits Plaintiffs from trapping on public land.

27.     Plaintiffs' members have previously trapped on public lands in New Mexico, including for purposes other than those exempted by the Act, and would do so again, but are not allowed to because of the Act.

28.     As a result, the Act violates the Equal Protection Clause of the United States Constitution.

29.     Tirzio Lopez, in his official capacity as Vice-Chair of the New Mexico State Game Commission, and Michael Sloane, in his official capacity as Director of the New Mexico Department of Game and Fish, are promoting, administering, directing, implementing, and enforcing an Act that violates the United States Constitution on an ongoing basis and will continue to do so.

30.     Therefore, Plaintiffs are entitled to declaratory and injunctive relief as requested in this Complaint.

## COUNT II—VIOLATION OF THE EQUAL PROTECTION CLAUSE
(New Mexico Constitution)

31.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

32.     Article II, Section 18 of the New Mexico Constitution provides in relevant part that "nor shall any person be denied equal protection of the laws."

33. The Act contains an exception for trapping on public land which allows "enrolled members of a federally recognized Indian nation, tribe, or pueblo" to trap solely for religious or ceremonial purposes.

34. The Act denies equal protection of the law as it permits enrolled members of federally recognized Indian nations, tribes, or pueblos to trap on public land for specific purposes while denying similarly situated individuals that same right.

35. Further, the Act denies equal protection of the law as it permits enrolled members of federally recognized Indian nations, tribes, or pueblos to trap on public land while denying similarly situated individuals that same right.

36. The Act prohibits Plaintiffs from trapping on public land.

37. Plaintiffs' members have previously trapped on public lands in New Mexico, including for purposes other than those exempted by the Act, and would do so again, but are not allowed to because of the Act.

38. As a result, the Act violates the Equal Protection Clause of the New Mexico Constitution.

39. Tirzio Lopez, in his official capacity as Vice-Chair of the New Mexico State Game Commission, and Michael Sloane, in his official capacity as Director of the New Mexico Department of Game and Fish, are promoting, administering, directing, implementing, and enforcing an Act that violates the New Mexico Constitution on an ongoing basis and will continue to do so.

40. Therefore, Plaintiffs are entitled to declaratory and injunctive relief as requested in this Complaint.

[20716-0017/4471028/1]

## COUNT III—VIOLATION OF THE ESTABLISHMENT CLAUSE
(United States Constitution)

41.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

42.     The First Amendment of the United States Constitution provides in relevant part that "Congress shall make no law respecting an establishment of religion…"

43.     The Establishment Clause of the First Amendment of the United States Constitution applies to the States through the Due Process Clause of the Fourteenth Amendment. *Everson v. Board of Education of Ewing Township*, 330 U.S. 1 (1947).

44.     The Establishment Clause of the First Amendment of the United States Constitution "means at least this: [n]either a state nor the Federal Government…can pass laws which aid one religion, aid all religions, or prefer one religion over another." *Everson*, 330 U.S. at 15.

45.     By limiting trapping and snaring to enrolled members of federally recognized Indian nations, tribes, or pueblos when trapping is conducted solely for religious or ceremonial purposes "pursuant to the rules issued by the department of game and fish in collaboration with the secretary of Indian affairs and consistent with federal procedures for recognition and protection of bona fide Indian nation, tribe or pueblo religious ceremonies," the Act both aids and prefers Native American religions over other religions; aids and prefers Native American modes of worship over other modes of worship; and aids and prefers religious activities over non-religious activities.

46.     Plaintiffs' members previously trapped and snared on public lands in New

Mexico for secular purposes, and would do so again, but are not allowed to because of the Act.

47.     As a result, the Act violates the Establishment Clause of the United States

Constitution.

48.     Tirzio Lopez, in his official capacity as Vice-Chair of the New Mexico State

Game Commission, and Michael Sloane, in his official capacity as Director of the New Mexico

Department of Game and Fish, are promoting, administering, directing, implementing, and

enforcing an Act that violates the United States Constitution on an ongoing basis and will

continue to do so.

49.     Therefore, Plaintiffs are entitled to declaratory and injunctive relief as requested

in this Complaint.

## COUNT IV—VIOLATION OF THE ESTABLISHMENT CLAUSE
(New Mexico Constitution)

50.     Plaintiffs reallege and incorporate by reference each and every allegation

contained in the preceding paragraphs as though fully set forth herein.

51.     Article II, Section 11 of the New Mexico Constitution provides in relevant part

that "nor shall any preference be given by law to any religious denomination or mode of

worship."

52.     By limiting trapping and snaring to enrolled members of federally recognized

Indian nations, tribes, or pueblos when trapping is conducted solely for religious or ceremonial

purposes "pursuant to the rules issued by the department of game and fish in collaboration with

the secretary of Indian affairs and consistent with federal procedures for recognition and

protection of bona fide Indian nation, tribe or pueblo religious ceremonies," the Act both aids

and prefers Native American religions over other religions; aids and prefers Native American

modes of worship over other modes of worship; and aids and prefers religious activities over

non-religious activities.

53.     Plaintiffs' members previously trapped and snared on public lands in New

Mexico for secular purposes members, and would do so again, but are not allowed to because of

the Act.

54.     As a result, the Act violates the Establishment Clause of the New Mexico

Constitution.

55.     Tirzio Lopez, in his official capacity as Vice-Chair of the New Mexico State

Game Commission, and Michael Sloane, in his official capacity as Director of the New Mexico

Department of Game and Fish, are promoting, administering, directing, implementing, and

enforcing an Act that violates the United States Constitution on an ongoing basis and will

continue to do so.

56.     Therefore, Plaintiffs are entitled to declaratory and injunctive relief as requested

in this Complaint.

## <u>COUNT V—VIOLATION OF THE NEW MEXICO CIVIL RIGHTS ACT</u>

57.     Plaintiffs reallege and incorporate by reference each and every allegation

contained in the preceding paragraphs as though fully set forth herein.

58.     In 2021, the New Mexico legislature passed the *New Mexico Civil Rights Act*,

N.M.S.A. §§ 41-4A-1 *et seq.*

59.     The *New Mexico Civil Rights Act* provides "[a] public body or person acting on

behalf of, under color of or within the course and scope of the authority of a public body shall

not subject or cause to be subjected any resident of New Mexico or person within the state to deprivation of any rights, privileges or immunities secured pursuant to the bill of rights of the constitution of New Mexico." N.M.S.A. § 41-4A-3(A).

60.     The *New Mexico Civil Rights Act* applies prospectively to claims that occur after its effective date, July 1, 2021. N.M.S.A. § 41-4A-12.

61.     The Wildlife Conservation and Public Safety Act went into effect on April 1, 2022.

62.     The Bill of Rights is contained in Article II of the New Mexico Constitution.

63.      Article II, Section 18 of the New Mexico Constitution guarantees that no person will be "denied equal protection of the laws."

64.     Article II, Section 11 of the New Mexico Constitution guarantees that no "preference [will] be given by law to any religious denomination or mode of worship."

65.     The Act both denies similarly situated individuals the equal protection of law and creates a preference for religious denominations and modes of worship.

66.     As such, enforcement and/or threatened enforcement of the Act deprives residents of New Mexico and persons within the state rights, privileges, and immunities secured by the Bill of Rights of the New Mexico Constitution, in violation of the *New Mexico Civil Rights Act*.

67.     Therefore, Plaintiffs are entitled to declaratory and injunctive relief as requested in this Complaint.

**WHEREFORE**, on each and every count of this Complaint, Plaintiffs request that the Court enter judgment in their favor and against Defendants and award Plaintiffs:

A.      A declaratory judgment or order declaring that the Wildlife Conservation and Public Safety Act violates the Equal Protection and Establishment Clauses of the New Mexico and United States Constitutions, and well as the *New Mexico Civil Rights Act*.

B.      Injunctive relief prohibiting the further enforcement of the Wildlife Conservation and Public Safety Act;

C.      Awarding Plaintiffs their costs, disbursements and reasonable attorneys' fees incurred herein, as allowed by law; and

D.      Any other relief deemed fair and equitable by the Court.

Dated: May 22, 2023                    **DOMENICI LAW FIRM, P.C.**

                                       */s/ Pete V. Domenici, Jr.*_____
                                       Pete Domenici, Jr. (NM:#4628)
                                       Post Office Box 4295
                                       Albuquerque, NM 87196-4295
                                       Phone: (505) 883-6250
                                       Fax: (505) 884-3424
                                       Email: pdomenici@domenicilaw.com

                                       **LEISTICO & ESCH, PLLC**

                                       */s/ Gary R. Leistico* Pro Hac Vice Pending
                                       Gary R. Leistico MN #024448
                                       P.O. Box 365
                                       Clear Lake, MN 55319
                                       Phone: (763) 272-5825
                                       Fax: (763) 392-0757
                                       Email: gleistico@leisticoesch.com

                                       ***Attorneys for Plaintiffs***